Case 28.

## Jones *vs.* Hoffman, &c.

AGREED CASE.                 APPEAL FROM MONTGOMERY CIRCUIT.

> The circuit court has no jurisdiction to hear and decide an agreed case, under *sec.* 705 *of the Civil Code,* unless there be an affidavit filed, stating that "the controversy is real, and the proceedings in good faith to determine the rights of the parties."

[The facts of the case are stated in the opinion of the court. REP.]

*Terry,* for appellant.

*T. Turner,* for appellee.

Jan. 8, 1858.        Judge DUVALL delivered the opinion of the court.

In general the enforcement of a private right, or the redress of a private wrong, is attainable, in a court of justice, only through the instrumentality of a *civil action,* which must be instituted and defended by appropriate pleadings, and determined upon appropriate proofs.

But the legislature have thought proper to provide a special proceeding, more expeditious and less expensive than the ordinary remedy by civil action. According to the Civil Code, (*sec.* 705,) "parties to a 'question which might be the subject of a civil ac- 'tion may, without action, agree upon a case con- 'taining the facts upon which the controversy de- 'pends, and present a submission of the same to any

'court which would have jurisdiction if an action 'had been brought. But it must appear by affidavit 'that the controversy is real, and the proceeding in 'good faith to determine the rights of the parties. 'The court shall, *thereupon*, hear and determine the 'case, and render judgment as if an action were 'pending."

The language of this section is explicit, and admits of but one construction. The jurisdiction of the court to hear and determine an agreed case depends upon the conditions prescribed by the latter clause, and without the required affidavit, setting forth the facts mentioned, the court has no authority to hear or determine the case, or to render a valid judgment.

The wisdom and policy of this restriction upon the exercise of jurisdiction in such cases is too obvious to require illustration. It was never intended that the dockets of the courts should be encumbered with controversies wholly fictitious, suggested by either the curiosity or interest of lawyers or litigants, and devised for no other purpose than that of obtaining a judicial opinion upon abstract questions of law, in the decision of which they have, or may expect to have, an interest. Courts of justice were established for very different purposes. Their time and labor are required to be devoted to real controversies between real parties.

In the case before us the affidavit prescribed by law does not appear to have been made or filed, and it follows that the court had no jurisdiction of the case.

The judgment is therefore reversed, and the cause remanded, with directions to dismiss the proceedings.